UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER LEE TYREE,

    Plaintiff,

v.

JINDALE, HOWARD, BROCKWAY,
and THOMPSON,

    Defendants.

_____/

Case No. 2:23-cv-10168
District Judge Sean F. Cox
Magistrate Judge Kimberly G. Altman

**<u>REPORT AND RECOMMENDATION
TO DENY DEFENDANTS HOWARD, BROCKWAY, AND THOMPSON'S
MOTION FOR SUMMARY JUDGMENT (ECF No. 21)
AND
TO GRANT DEFENDANT JINDALE'S MOTION TO DISMISS AND
ALTERNATIVELY FOR SUMMARY JUDGMENT (ECF No. 26)
AND
RESOLVING PLAINTIFF'S MOTION IN OPPOSITION TO
DEFENDANTS HOWARD, BROCKWAY, AND THOMPSON'S
MOTION FOR SUMMARY JUDGMENT (ECF No. 24)</u>**[1]

I.    Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act (ADA), and Section 504 of the Rehabilitation Act. Plaintiff Christopher Lee Tyree (Tyree), proceeding *pro se*, is suing defendants

---

[1] Upon review of the motions, the undersigned deems these matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(1).

1

Rosilyn Jindal (Jindal), Robin Howard (Howard), Marcy Brockway (Brockway), and Jessica Thompson (Thompson)[2] following an incident where he had a seizure and fell off his bed sustaining injuries while he was in the custody of the Michigan Department of Corrections (MDOC). *See* ECF No. 10. Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 17).

Before the Court is a motion for summary judgment on the basis of exhaustion filed by Brockway, Howard, and Thompson (or the MDOC defendants), (ECF No. 21), and a motion to dismiss for failure to state a claim and alternatively motion for summary judgment on the basis of exhaustion filed by Jindal, (ECF No. 24). Tyree filed a "Motion in Opposition" to Brockway, Howard, and Thompson's motion, (ECF No. 26), which the undersigned considers to be a response to the motion. Tyree did not file a response to Jindal's motion.

For the reasons set forth below, it is RECOMMENDED that Brockway, Howard, and Thompson's motion be DENIED and that Jindal's motion be GRANTED. Additionally, Tyree's Motion in Opposition to Brockway, Howard, and Thompson's motion should be considered RESOLVED. If these recommendations are adopted, Jindal will be DISMISSED WITHOUT PREJUDICE and the case will continue against Brockway, Howard, and

---

[2] Spellings consistent with defendants' motions.

Thompson.

## II. Background

The following facts are gleaned from the amended complaint.

The incident leading to this lawsuit occurred when Tyree was incarcerated at the Gus Harrison Correctional Facility (ARF). (ECF No. 10, PageID.50). Defendants were all employed at ARF: Howard was the assistant deputy warden, Brockway was a resident unit manager, Thompson was a prison counselor, and Jindal was a physician assistant (PA). (*Id.*, PageID.51).

On June 12, 2022, Tyree suffered an epileptic seizure while lying in his assigned top bunk. (*Id.*). The seizure caused him to roll off the bunk and fall to the floor. (*Id.*). When Tyree woke up, he noticed that his head was swollen, and that he had suffered various injuries to his right leg. (*Id.*). He was taken to the medical station where he was given Tylenol, an ice detail, and a hardcopy of his bottom bunk detail. (*Id.*).

Tyree alleges that the MDOC defendants assigned him a top bunk even though they all knew that he had a bottom bunk detail. (*Id.*, PageID.52). He further alleges that he "hardly received any medical treatment from PA Jindal." (*Id.*, PageID.51).

## III. Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary

judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists. . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotation marks omitted); cf. Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact," the court may "consider the fact undisputed for purposes of the motion"). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.' " *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The fact that Tyree is *pro se* does not reduce his obligations under Rule 56. Rather, "liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006). Additionally, "once a case has progressed to the summary judgment stage,

4

as is true here, the liberal pleading standards under the Federal Rules are inapplicable." *J.H. v. Williamson Cnty.*, 951 F.3d 709, 722 (6th Cir. 2020) (quoting *Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005)) (cleaned up).

IV. Discussion

A. MDOC Grievance Records

MDOC records show that Tyree filed one relevant grievance that he appealed through all three steps of the MDOC process. This grievance (ARF-22-06-0793-23Z) explained that even though Tyree had a bottom bunk detail due to his history of seizures, ARF staff assigned him to a top bunk. On June 12, 2022, Tyree had a seizure and fell off the top bunk. (ECF No. 21-3, PageID.106). Tyree's grievance was rejected for the following reason: "Non-greivable [sic] issues. No violations of Policy." (*Id.*, PageID.107). The rejection was upheld at Step II, (*Id.*, PageID.105), and Step III, (*Id.*, PageID.103).

B. Parties' Arguments

In their motion, the MDOC defendants argue that Tyree failed to properly exhaust all available administrative remedies against them because he did not specifically name any of them in a grievance that he then appealed through Step III of the MDOC process. In response, Tyree argues that all three MDOC defendants were aware of his bottom bunk detail and were responsible for ensuring that he

5

was assigned a bottom bunk.

In her motion, Jindal argues that Tyree failed to properly exhaust all available administrative remedies against her because he did not file a grievance alleging that she provided him with inadequate medical treatment. Jindal also argues that Tyree's constitutional claims should be dismissed for failure to state a claim and that she should be granted summary judgment on the merits of Tyree's ADA claim. However, it is not necessary to address these arguments because, as will be explained below, Tyree clearly failed to exhaust his administrative remedies against Jindal.

## C. Exhaustion Standard

The Prison Litigation Reform Act (PLRA) requires prisoners to "properly" exhaust all "available" administrative remedies before filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). Proper exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90 (emphasis in original) (internal quotation marks and citations omitted). Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court and produces a useful administrative record. *Jones v. Bock*, 549 U.S. 199, 204 (2007). The PLRA does not detail what

"proper exhaustion" entails because "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* at 218.

"Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015). But a prisoner countering a motion alleging failure to exhaust "must offer competent and specific evidence showing that he indeed exhausted his remedies, or was otherwise excused from doing so." *Sango v. Johnson*, No. 13-12808, 2014 WL 8186701, at *5 (E.D. Mich. Oct. 29, 2014), *report and recommendation adopted*, 2015 WL 1245969 (E.D. Mich. Mar. 18, 2015). Granting summary judgment because of a failure to exhaust administrative remedies is not on the merits and thus requires dismissal without prejudice. *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006).

The MDOC has established a three-step process to review and resolve prisoner grievances. "Under the [Michigan] Department of Corrections' procedural rules, inmates must include the '[d]ates, times, places and names of all those involved in the issue being grieved' in their initial grievance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010). As noted by the Court in *Woodford*, one of the purposes of requiring proper exhaustion is to "provide[ ] prisons with a fair opportunity to correct their own errors." *Woodford*, 548 U.S. at 94. To be sufficient, a grievance need not "allege a specific legal theory or facts

7

that correspond to all the required elements of a particular legal theory." *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003) *abrogated with respect to other principles by Jones v. Bock*, 549 U.S. 199 (2007). Nonetheless, the grievance must give "fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *Id.*

D. Analysis

Here, Tyree grieved the incident where he fell from the top bunk and injured himself when he was having a seizure. Tyree did not name any defendant in the grievance. As noted above, his grievance was rejected for the following reason: "Non-greivable [sic] issues. No violations of Policy." (ECF No. 21-3, PageID.107).

With regard to the MDOC defendants, the issue is whether Tyree's failure to name them "in his 'non-grievable' grievance means that they should be dismissed from this action for failure to exhaust available administrative remedies." *Mays v. Ky. Dep't of Corrs.*, No. 3:17-CV-P290-JHM, 2018 WL 4603153, at *3 (W.D. Ky. Sept. 25, 2018). Courts addressing this issue have said no. The undersigned agrees.

As the district court in *Mays* explained:

8

> It is beyond debate that an inmate cannot be required to exhaust administrative remedies regarding non-grievable issues. *Owens v. Keeling*, 461 F.3d 763, 769 (6th Cir. 2006); *Figel v. Bouchard*, 89 F. App'x 970, 971 (6th Cir. 2004). This is because the non-grievability of a certain type of issue through a prison grievance process makes that remedy unavailable under the PLRA. *Owens v. Keeling*, 461 F.3d at 769. Thus, because the prison grievance procedure was entirely unavailable to Plaintiff due to the nature of his complaint, there is no way that Plaintiff could have failed to exhaust his remedies as to any Defendant. Indeed, as another district court stated in rejecting an argument identical to the one raised here, "Defendants cannot treat a complaint as non-grievable, and therefore not subject to the grievance procedure, and then turn around and maintain the claim fails because [the plaintiff] failed to follow the grievance procedure. As the well known proverb states, they cannot have their cake and eat it too." *Reeves v. Hobbs*, 6:11-cv-06047, 2013 U.S. Dist. LEXIS 140698, at *15, 2013 WL 5462147 (W.D. Ark. Sept. 3, 2013).

*Id.* (internal footnote omitted). It would be unfair to prisoners like Tyree for their complaints to be ignored by the MDOC because their grievances contain non-grievable issues and then have their complaints be summarily dismissed in federal court because the same grievances did not abide by some procedural requirement. As the *Reeves* court said, defendants cannot have their cake and eat it too. Accordingly, the MDOC defendants' motion for summary judgment on the basis of exhaustion should be denied.

Jindal must be considered separately from the MDOC defendants. The allegation against her is that she provided "hardly . . . any medical treatment" to Tyree after his fall. (ECF No. 10, PageID.51). A review of Tyree's grievance records shows that he never grieved receiving inadequate medical treatment

9

following his fall. As such, Tyree did not provide Jindal or the MDOC more generally with fair notice of his concerns regarding his medical treatment or give them a chance to correct the problem. Therefore, Jindal's motion for summary judgment on the basis of exhaustion should be granted.

## V.     Conclusion

For the reasons stated above, it is RECOMMENDED that Brockway, Howard, and Thompson's motion for summary judgment on the basis of exhaustion, (ECF No. 21), be DENIED and that Jindal's motion to dismiss for failure to state a claim and alternatively motion for summary judgment on the basis of exhaustion, (ECF No. 24), be GRANTED. Further, Tyree's Motion in Opposition to Brockway, Howard, and Thompson's motion, (ECF No. 26), should be considered RESOLVED. If these recommendations are adopted, Jindal will be DISMISSED WITHOUT PREJUDICE and the case will continue against Brockway, Howard, and Thompson.

Dated: November 8, 2023            s/Kimberly G. Altman
Detroit, Michigan                  KIMBERLY G. ALTMAN
                                   United States Magistrate Judge

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Isaac v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 8, 2023.

s/Carolyn M. Ciesla  
CAROLYN M. CIESLA  
Case Manager
