UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER LEE TYREE,

    Plaintiff,

v.

HOWARD, BROCKWAY, and
THOMPSON,

    Defendants.
_____/

Case No.  2:23-cv-10168
Chief District Judge Sean F. Cox
Magistrate Judge Kimberly G. Altman

**REPORT AND RECOMMENDATION
TO DENY WITHOUT PREJUDICE AS PREMATURE
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 31)**[1]

I.    Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act (ADA), and Section 504 of the Rehabilitation Act. Plaintiff Christopher Lee Tyree (Tyree), proceeding *pro se*, sued defendants Rosilyn Jindal (Jindal),[2] Robin Howard (Howard), Marcy Brockway (Brockway), and Jessica Thompson (Thompson) following an incident where he had a seizure

---

[1] Upon review of the parties' papers, the undersigned deems this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(1).

[2] Jindal has since been dismissed as a defendant.  (ECF No. 32).

1

and fell off his bed sustaining injuries while he was in the custody of the Michigan Department of Corrections (MDOC). *See* ECF No. 10. Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 17).

Before the Court is Tyree's motion for summary judgment.[3] (ECF No. 31). Brockway, Howard, and Thompson have filed a response.[4] (ECF No. 36). For the reasons set forth below, it is RECOMMENDED that Tyree's motion be DENIED WITHOUT PREJUDICE because it was prematurely filed.

## II. Background

The following facts are gleaned from the amended complaint.

The incident leading to this lawsuit occurred when Tyree was incarcerated at the Gus Harrison Correctional Facility (ARF). (ECF No. 10, PageID.50). Defendants were all employed at ARF: Howard was the assistant deputy warden, Brockway was a resident unit manager, Thompson was a prison counselor, and

---

[3] Tyree has since sent the Court a letter stating that he never filed a motion for summary judgment. (ECF No. 39). However, the Court explained in its January 18, 2024 Order that a motion in Tyree's handwriting was filed and that he needed to file a motion to withdraw the motion for summary judgment if he did not want the Court to rule on it. (ECF No. 40). Tyree has not filed such a motion or otherwise submitted anything to the Court since the entry of that Order.

[4] In their response, defendants argue that Tyree's motion is premature and also attempt to address Tyree's substantive arguments based on the evidence currently available to them. Because the motion should be denied as premature, the undersigned declines to address defendants' substantive arguments at this time.

Jindal was a physician assistant (PA). (*Id.*, PageID.51).

On June 12, 2022, Tyree suffered an epileptic seizure while lying in his assigned top bunk. (*Id.*). The seizure caused him to roll off the bunk and fall to the floor. (*Id.*). When Tyree woke up, he noticed that his head was swollen, and that he had suffered various injuries to his right leg. (*Id.*). He was taken to the medical station where he was given Tylenol, an ice detail, and a hardcopy of his bottom bunk detail. (*Id.*).

Tyree alleges that the MDOC defendants (Brockway, Howard, and Thompson) assigned him a top bunk even though they all knew that he had a bottom bunk detail. (*Id.*, PageID.52). He further alleges that he "hardly received any medical treatment from PA Jindal." (*Id.*, PageID.51).

### III. Summary Judgment

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley*

*Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists. . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotation marks omitted); cf. Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact," the court may "consider the fact undisputed for purposes of the motion"). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.' " *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The fact that Tyree is *pro se* does not reduce his obligations under Rule 56. Rather, "liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006). Additionally, "once a case has progressed to the summary judgment stage, as is true here, the liberal pleading standards under the Federal Rules are inapplicable." *J.H. v. Williamson Cnty.*, 951 F.3d 709, 722 (6th Cir. 2020) (quoting *Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005)) (cleaned up).

IV.   Discussion

Tyree moves for summary judgment on his claims of deliberate indifference

4

under the Eighth Amendment, denial of due process under the Fourteenth Amendment, and violation of the ADA and/or Rehabilitation Act.  Tyree filed his motion after the undersigned issued her Report and Recommendation (R&R) recommending that Brockway, Howard, and Thompson's motion for summary judgment on the basis of exhaustion be denied, but before the district court entered its order adopting the R&R.  No discovery has yet occurred in this matter because defendants filed dispositive motions that needed to be resolved before discovery could begin.

"Before ruling on summary judgment motions, a district judge must afford the parties adequate time for discovery, in light of the circumstances of the case." *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1195 (6th Cir. 1995); *Wells v. Corp. Accts. Receivable*, 683 F. Supp. 2d 600, 602 (W.D. Mich. 2010) ("[A] motion for summary judgment filed before the close of discovery is often denied as premature in this circuit, either on the opposing party's . . . affidavit and request or on the court's own initiative without an explicit request from the opposing party.").  This principle has been upheld by numerous judges in this district.  For example, in *CLT Logistics v. River W. Brands*, 777 F. Supp. 2d 1052, 1076 (E.D. Mich. 2011), the court denied without prejudice the defendants' motion for summary judgment when it was filed less than a month after the complaint and before any discovery had taken place.

Here, defendants acknowledge that the Court will likely issue an amended scheduling order to allow the parties to participate in the discovery process. (ECF No. 36, PageID.226-227). They note that they have not yet had the opportunity to depose Tyree and are thus not fully prepared to respond to his motion on the merits. (*Id.*). Accordingly, Tyree's motion for summary judgment will be denied without prejudice as premature in order to allow the parties to engage in discovery before the filing of dispositive motions. If he so chooses, Tyree may file a new motion for summary judgment once the discovery period in the Court's forthcoming amended scheduling order has closed.

## V.     Conclusion

For the reasons stated above, the undersigned RECOMMENDS that Tyree's motion for summary judgment, (ECF Nos. 31), be DENIED WITHOUT PREJUDICE as premature.

A separate scheduling order will be entered on the docket.

Dated: February 12, 2024　　　　　　　　s/Kimberly G. Altman
Detroit, Michigan　　　　　　　　　　　　KIMBERLY G. ALTMAN
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without

merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 12, 2024.

s/Carolyn Ciesla
CAROLYN CIESLA
Case Manager
