UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Christopher Lee Tyree,

            Plaintiff,        Case No. 23-10168

v.                                Judith E. Levy
                                United States District Judge

Robin Howard, Marcy Brockway,
and Jessica Thompson,       Mag. Judge Kimberly G. Altman

            Defendants.

_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO STAY PROCEEDINGS [78]**

On January 23, 2023, *pro se* Plaintiff Christopher Lee Tyree filed this action against Defendants Rosilyn Jindal,[1] Robin Howard, Marcy Brockway, and Jessica Thompson.[2] (ECF No. 1.) This is a prisoner civil rights case under 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act (ADA), and Section 504 of the Rehabilitation Act. (ECF No. 68, PageID.472.) Plaintiff sued Defendants "following an incident where he had a seizure and fell off his bed sustaining injuries while he

---

[1] Jindal was terminated as a defendant on December 13, 2023. (ECF No. 32.)

[2] The Court uses the spellings consistent with Defendants' motions.

was in the custody of the Michigan Department of Corrections." (*Id.* at PageID.472–473.) Before the Court is all Defendants' motion to stay proceedings pending an appeal. For the reasons set forth below, the Court GRANTS the motion.

## I. Background

As this Court has previously summarized, Plaintiff alleges,

> Defendants were deliberately indifferent to the risk that his seizure disorder would cause him to fall out of bed and be injured unless he was assigned to a bottom bunk. . . . [He] claims this misconduct violated his Eighth Amendment rights and seeks damages and injunctive relief from Defendants in their individual and official capacities under 42 U.S.C. § 1983. [Plaintiff] also brings claims against Defendants under the Americans with Disabilities Act of 1990 (ADA) and section 504 of the Rehabilitation Act of 1973.

(ECF No. 73, PageID.522.)

On July 18, 2024, Defendants Brockway, Howard, and Thompson filed a motion for summary judgment. (ECF No. 54.) Plaintiff responded, and Defendants replied. (ECF Nos. 66, 68.) On February 7, 2025, the Magistrate Judge issued a report and recommendation (R&R) that granted in part and denied in part the motion for summary judgment. (ECF No. 68.) She recommended that the Court dismiss all of Plaintiff's claims except for his claims against the Defendants for money damages

under the Eighth Amendment. (*Id.* at PageID.488.) On February 21, 2025, Defendants objected to the Magistrate Judge's determination that they were not entitled to qualified immunity.³ (ECF No. 69.) On March 28, 2025, the Court adopted the R&R and overruled the objections. (ECF No. 73.) On April 18, 2025, the case was reassigned to the undersigned. On April 28, 2025, Defendants filed a notice of appeal. (ECF No. 75.) On July 3, 2025, Defendants then filed a motion to stay pending appeal. (ECF No. 78.) Plaintiff did not respond.

## II. Legal Standard

"Because qualified immunity is a protection not only from liability, but also from the trial process, a stay of proceedings in the trial court while the appeal is prosecuted is generally required to preserve the rights of state officials." *Gentry v. Wayne County*, No. 10-11714, 2011 WL 13160849, at *1 (E.D. Mich. Oct. 17, 2011); *see also Kennedy v. City of Cleveland*, 797 F.2d 297, 299 (6th Cir. 1986) (recognizing that an appeal from a denial of qualified immunity "oblig[es]" the district court to "refrain from proceeding to trial . . . until that issue is decided"). Courts

---

³ Plaintiff replied, but the Court did not consider the reply in its March 28, 2025 order because it was untimely. (ECF No. 73, PageID.522.)

in this district usually grant the stay in these circumstances, where the defendants appeal the denial of qualified immunity. *See, e.g., Monson v. Ghougoian*, No. 18-10638, 2023 WL 2249958 (E.D. Mich. Feb. 27, 2023); *Mockeridge v. Alcona Cnty. by Bd. of Commissioners*, No. 21-12896, 2024 WL 492686, at *7 (E.D. Mich. Feb. 7, 2024). But a district court may decline to issue such a stay pending appeal if the appeal is (1) frivolous; or (2) being sought solely for purposes of delay. *Sexton v. Cernuto*, No. 19-12574, 2021 WL 949541, at *2 (E.D. Mich. Mar. 12, 2021).

An appeal is "frivolous" only if it is "'obviously without merit,' meaning that the appeal is 'solely a fact-based challenge to plaintiff's evidence and the district court's findings.'" *Sexton*, 2021 WL 949541, at *2 (quoting *McDonald v. Flake*, 814 F.3d 804, 816 (6th Cir. 2016)). Solely fact-based challenges are frivolous because a district court's denial of qualified immunity is immediately appealable "only 'to the extent that it turns on an issue of law.'" *Id.* (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985)). An appeal "turns on an issue of law" when the issue raised "has some legal aspect to it" or when it is not "aimed solely at the district court's determination of the record-supported evidence." *Id.* (quoting *Bunkley v. City of Detroit*, 902 F.3d 552, 560–61 (6th Cir. 2018)).

4

### III. Analysis

The Court grants Defendants' motion to stay. In their motion, Defendants argue that "this Court did not properly analyze the issue of qualified immunity, placed the burden on the wrong party, [and] did not individually consider each Defendants' knowledge." (ECF No. 78, PageID.537.) As a result, their appeal has at least some "legal aspect" to it and is not "aimed solely at the district court's determination of the record-supported evidence." *See Bunkley*, 902 F.3d 560–61. The Court concludes the appeal is not frivolous.

Additionally, nothing suggests that Defendants appealed this Court's qualified immunity denial solely to delay proceedings. On April 28, 2025, Defendants promptly filed a notice of appeal. (*See* ECF No. 75.) The notice of appeal was filed one month after the Court's March 28, 2025 Opinion and Order.

This case is distinguishable from those in which courts find the appeal is solely to delay. For instance, in *McDonald v. Flake*, the Sixth Circuit found a dilatory appeal because the defendant "engaged in over two years of discovery before filing his motion for qualified immunity and then filed the appeal only days before trial was scheduled to begin" and

5

the defendant-city only filed its appeal after the district court denied its motion to continue the trial to a later date. 814 F.3d at 817. Here, the Magistrate Judge certified the completion of pretrial proceedings on March 31, 2025, and the Court has not yet set a trial date. (ECF No. 74.)

Finally, a stay would delay trial but proceeding with trial while Defendants' appeal is pending would "waste judicial resources." *Monson*, 2023 WL 2249958, at *1; *Sexton,* 2021 WL 949541, at *3 ("[T]hat the interlocutory appeal will necessarily delay trial does not, alone, establish that the appeal is sought for dilatory purposes."). If the Sixth Circuit reverses and holds that qualified immunity applies, no triable claim remains. The Court thus stays the case pending appeal rather than running the risk of "try[ing] a case that should not be tried." *Monson*, 2023 WL 2249958, at *1 (E.D. Mich. Feb. 27, 2023).

Because Defendants' appeal is not frivolous nor sought solely to delay proceedings, the motion to stay proceedings pending appeal is granted.

## IV. Conclusion

Defendants' motion to stay is GRANTED. (ECF No. 78.) It is ORDERED that the above-captioned case is STAYED pending resolution

of Defendants' appeal, *Tyree v. Jindal*, No. 25-1357 (6th Cir.), or until further order of this Court.

Further, it is ORDERED that Plaintiff's motion for appointment of counsel is DENIED WITHOUT PREJUDICE and may be re-filed once the stay in the above-captioned case has been lifted. (ECF No. 71.)

IT IS SO ORDERED.

Dated: July 24, 2025　　　　　　s/Judith E. Levy
　　　Ann Arbor, Michigan　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 24, 2025.

　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　Case Manager

7